**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MUBEA TAILOR ROLLED
BLANKS, LLC,

      Plaintiff,

v.

TITAN TOOL & DIE LIMITED,

      Defendant.

Case No. 2:21-cv-11551-GAD-CI

Hon. Gershwin A. Drain
Magistrate Judge Curtis Ivy, Jr.

---

**DEFENDANT TITAN TOOL & DIE LIMITED'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Titan Tool & Die Limited ("Titan Tool"), by its attorneys Brooks Wilkins Sharkey & Turco PLLC, and in answer to Plaintiff Mubea Tailor Rolled Blanks, LLC's complaint dated July 2, 2021, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      The allegations of paragraph 1 are not contested.

2.      The allegations of paragraph 2 are not contested.

3.      In answer to the allegations of paragraph 3, Titan Tool admits only that it is a corporation organized and existing under the laws of Ontario, Canada with its principal place of business in Windsor, Ontario, that it supplies parts to plants in Michigan, and that its website states that it is located ten minutes from the Windsor-

Detroit border. The remaining allegations of paragraph 3 constitute a legal conclusion of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

4.      The allegations of paragraph 4 are not contested.

5.      The allegations of paragraph 5 are not contested.

6.      The allegations of paragraph 6 are not contested.

## FACTUAL BACKGROUND

7.      The allegations of paragraph 7 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

8.      Titan Tool admits it is an automotive supplier and manufacturer of metal stamping parts.

9.      The allegations of paragraph 9 are not contested.

10.     The allegations of paragraph 10 are neither admitted nor denied for the reason that the referenced document – Exhibit 1 to the complaint, in its entirety, is the best evidence of its contents, and Titan Tool denies as untrue any allegations contrary to those express terms.

11.     The allegations of paragraph 11 related to "the Award Letter" are neither admitted nor denied for the reason that the referenced document – Exhibit 1 to the complaint, in its entirety, is the best evidence of its contents, and Titan Tool

denies as untrue any allegations contrary to those express terms. The remaining allegations of paragraph 11 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

12.     Titan Tool admits that, under this supply chain relationship, Formet was the Tier-1 supplier, Titan Tool was the Tier-2 supplier, and Mubea was the Tier-3 supplier. Titan Tool further admits that it processed the blanks into automotive parts to be supplied to Formet. The remaining allegations of paragraph 12 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

13.     Titan Tool admits that it issued the purchase order attached as Exhibit 2 to the complaint. The remaining allegations of paragraph 13 are neither admitted nor denied for the reason that the referenced "production quotes", in their entirety, are the best evidence of their contents, and Titan Tool denies as untrue any allegations contrary to those express terms.

14.     Titan Tool denies that Titan Tool and Mubea negotiated and agreed to a reduction in piece price on or around August 2020. Titan Tool admits that it issued the purchase order (revision J) attached as Exhibit 3 to the complaint to Mubea. The remaining allegations of paragraph 14 are neither admitted nor denied for the reason that the referenced documents, in their entirety, are the best evidence of their

contents, and Titan Tool denies as untrue any allegations contrary to those express terms. Further answering, the purchase order attached as Exhibit 3 to the complaint, purchase order number 3384, revision J, addressed a "2020 First Quarter Price Correction to include Scrap Adjustment" and the "Purchase Order Terms & Conditions" remained the same as prior purchase order revisions under which Mubea accepted and supplied blanks. Titan Tool did not agree to modify the purchase order terms and conditions.

15. The allegations of paragraph 15 are denied as untrue.

16. The allegations of paragraph 16 related to Titan's claims for delivery and quality issues from 2018 through July 2019 are neither admitted nor denied for the reason that the referenced documents, in their entirety, are the best evidence of their contents, and Titan Tool denies as untrue any allegations contrary to those express terms. The remaining allegations of paragraph 16 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

17. Titan Tool admits that it provided Mubea with notice when it experienced assembly issues due to the quality of the blanks manufactured by Mubea. The remaining allegations of paragraph 17 are denied as untrue.

4

18.     Titan Tool admits that in certain instances Mubea would ask for supporting documents after Titan Tool provided it with notice of quality issues with the blanks. The remaining allegations of paragraph 16 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

19.     Titan Tool admits that it provided timely notice of alleged quality issues and provided Mubea with an opportunity to investigate the claim. Titan Tool denies any implication that it did not operate in the same manner on or after April 29, 2021.

20.     The allegations of paragraph 20 are not contested.

21.     Titan Tool admits that Mubea disputed the quality issues cited in the April 29, 2021 letter. The remaining allegations of paragraph 21 are denied as untrue.

22.     The allegations of paragraph 22 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

23.     The allegations of paragraph 23 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

24.     The allegations of paragraph 24 are denied as untrue.

25.     The allegations of paragraph 25 are denied as untrue.

26.     In or around March 2021, Titan Tool communicated a payment delay to Mubea due to an issue with its account being placed on hold by its banking

institution. The remaining allegations of paragraph 26 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof because those allegations are vague and lacking detail.

27.    The allegations of paragraph 27 are neither admitted nor denied for the reason that the referenced documents, in their entirety, are the best evidence of their contents, and Titan Tool denies as untrue any allegations contrary to those express terms.

28.    Titan Tool admits that it made a payment of $566,646.12 on or around May 4, 2021. The remaining allegations of paragraph 28 are denied as untrue.

29.    Titan Tool admits that it issued a payment hold notice to Mubea on April 29, 2021, a copy of which is attached as Exhibit 5 to the complaint. The remaining allegations of paragraph 29 are denied as untrue.

30.    Titan Tool admits that it sent Mubea the four debit memos attached to the complaint as Exhibit 7 on May 5, 2021. Titan Tool further admits those four debit memos totaled $1,599,716.74, were dated May 5, 2021, and had "date opened" start dates of April 6, 2021. The remaining allegations of paragraph 30 are denied as untrue.

31.    The allegations of paragraph 31 are neither admitted nor denied for the reason that the referenced documents, in their entirety, are the best evidence of their

contents, and Titan Tool denies as untrue any allegations contrary to those express terms.

32.     The allegations of paragraph 32 are denied as untrue.

33.     The allegations of paragraph 33 are denied as untrue.

34.     The allegations of paragraph 34 are denied as untrue.

35.     The allegations of paragraph 35 are denied as untrue.

36.     The allegations of paragraph 36 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

37.     The allegations of paragraph 37 are not contested.

38.     The allegations of paragraph 38 are denied as untrue.

39.     The allegations of paragraph 39 are denied as untrue.

## COUNT I – BREACH OF CONTRACT

40.     Titan Tool incorporates its answers above.

41.     Titan Tool admits that it issued purchase order 3384 to Mubea on November 11, 2017 for the manufacture and supply of the blanks in support of GM's T1XX Program. The remaining allegations of paragraph 41 constitute a legal conclusion of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

42. Titan Tool admits that Mubea manufactured and supplied blanks to Titan Tool, and that Titan Tool processed the blanks into automotive parts and supplied the parts to Formet. The remaining allegations of paragraph 42 constitute a legal conclusion of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

43. The allegations of paragraph 43 are denied as untrue.

44. The allegations of paragraph 44 are not contested.

45. The allegations of paragraph 45 are denied as untrue.

46. The allegations of paragraph 46 are denied as untrue.

47. The allegations of paragraph 47 are denied as untrue.

## COUNT II – UNJUST ENRICHMENT

48. Titan Tool incorporates its answers above.

49. The allegations of paragraph 49 are denied as untrue.

50. The allegations of paragraph 50 are denied as untrue.

51. The allegations of paragraph 51 are denied as untrue.

Wherefore, Titan Tool respectfully requests that this Court dismiss Mubea's complaint, or alternatively, enter a judgment of no cause for action in favor of them and against Mubea, with costs and attorneys' fees to be awarded to Titan Tool as allowed by law.

## AFFIRMATIVE DEFENSES

Titan Tool states the following as its affirmative defenses to Mubea's complaint dated July 2, 2021:

1.     Mubea's complaint fails to state a claim on which relief can be granted.

2.     Mubea's claims are barred because it committed the first material breach.

3.     Mubea's claims are barred by the doctrine of unclean hands.

4.     Mubea's unjust enrichment claim fails for failure to state a claim in the presence of express contractual terms.

5.     Mubea's claims are barred in whole or in part for failure to mitigate their alleged damages.

6.     Mubea's claims are barred in whole or in part by setoff and/or recoupment.

7.     Titan Tool reserves the right to add to or amend these Affirmative Defenses.

Wherefore, Titan Tool respectfully requests that this Court dismiss Mubea's complaint, or alternatively, enter a judgment of no cause for action in favor of them and against Mubea, with costs and attorneys' fees to be awarded to Titan Tool as allowed by law.

Respectfully submitted,

By:  /s/ James M. McAskin
     James M. McAskin  (P72930)
*Counsel for Titan Tool & Die Limited*
Brooks Wilkins Sharkey & Turco, PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
248-971-1717; 248-971-1801 – Facsimile
Dated:  September 14, 2021     mcaskin@bwst-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

By:  /s/ James M. McAskin
     James M. McAskin  (P72930)
Brooks Wilkins Sharkey & Turco, PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
248-971-1717; 248-971-1801 – Facsimile
mcaskin@bwst-law.com